UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO:

**ESTEBAN RAMIREZ, an individual,**

    **Plaintiff,**

**v.**

**DIVISION 16, LLC,**
a Florida Limited Liability Company,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ESTEBAN RAMIREZ, an individual ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against DIVISION 16, LLC, a Florida Limited Liability Company, ("Defendant") for unpaid overtime compensation and hereby states as follows:

### INTRODUCTION

1. Plaintiff worked as a piece rate paid electric roof installation laborer for Defendant throughout the west coast of Florida.

2. Defendant has a policy and practice of failing to: (1) accurately record the hours worked by piece rate paid electric roof installation laborers by not accounting for compensable meal and rest breaks as hours worked;

and (2) failing to pay piece rate paid electric roof installation laborers like Plaintiff full and proper overtime compensation for all overtime hours worked.

3. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in Lee County, Florida, which is located in this district and is thus considered a resident of this district. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

7. Plaintiff worked for Defendant as a piece rate paid electric roof installation laborer from December 1, 2014, through November 17, 2020.

8. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA and Defendant treated him as an employee by withholding taxes and other required deductions from his pay.

9. During the Relevant Liability Period, Defendant failed to pay Plaintiff for all overtime hours worked, and denied Plaintiff overtime compensation for hours worked in excess of forty (40) per week.

10. During the Relevant Liability Period, Defendant employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

11. During the Relevant Liability Period, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

12. Defendant operates a large-scale contracting company headquartered in Ft. Myers, Florida.

13. Defendant's piece rate paid electric roof laborers are an integral part of the company, providing Defendant's services to the public.

14. Defendant has employed Plaintiff as piece rate paid electric roof installation laborers or in equivalent positions with similar job duties, however titled.

15. Plaintiff is not exempt from the overtime provisions of the FLSA and are paid on a piece rate basis.

16. Defendant has, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, as it fails to accurately record

their actual hours worked, let alone offer proper additional payment for hours worked over forty (40) per week.

17. Plaintiff routinely worked over forty (40) hours in a work week but was not paid proper overtime wages for all of that work, as required by the FLSA.

18. Defendant knew, and has known, that Plaintiff performed work without compensation and has chosen to deny him overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORER IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

19. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 31, as if set forth herein.

20. During the FLSA Relevant Liability Period, Defendant failed to accurately record all hours worked by Plaintiff and did not fully compensate Plaintiff for all of their hours worked for Defendant in excess of forty (40) per week as required by Section 207 of the FLSA.

21. Plaintiff was a victim of a common and illegal policy and plan by Defendant to deny him overtime compensation required by the FLSA.

22.     Defendant's failure to pay piece rate Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

23.     Plaintiff seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays this Court:

   a.   Find that Defendant's violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

   d.   Award Plaintiff unpaid overtime compensation;

   e.   Award Plaintiff an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

   f.   Award Plaintiff pre-judgment interest if liquidated damages are not awarded;

   g.   Award Plaintiff post-judgment interest as provided by law;

   h.   Award Plaintiff reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

   i.   Award Plaintiff any such other relief as the Court deems fair and equitable

## **JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 12th day of April 2021.

                                              Respectfully submitted,

                                              /s/ ***NOAH E. STORCH***
                                              Noah E. Storch, Esquire
                                              Florida Bar No. 0085476
                                              RICHARD CELLER LEGAL, P.A.
                                              10368 W. State Road 84, Suite 103
                                              Davie, Florida 33324
                                              Telephone: (866) 344-9243
                                              Facsimile: (954) 337-2771
                                              noah@floridaovertimelawyer.com

                                              *Counsel for Plaintiff*